# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK PHELPS, | Case No. 1:13-cv-02087-LJO-BAM PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION TO REMAND |
| v. | |
| MATTHEW CATE, et al., | (ECF No. 5) |
| Defendants. | TWENTY-ONE DAY DEADLINE |

## I. **Background**

This civil action, which arises out of prison conditions of confinement, was removed from Kern County Superior Court by Defendant Gurule on December 19, 2013.[1] 28 U.S.C. § 1441. Defendants Cate, Campbell, Dalton, Rangel, Stinson, Wadkins and Ramirez joined the notice of removal. On January 13, 2014, Plaintiff Mark Phelps ("Plaintiff"), a state prisoner proceeding pro se, filed a motion to remand on the grounds that (1) Defendant Gurule improperly removed this matter on the basis of diversity jurisdiction; (2) removal is not appropriate; (3) removal is prejudicial; and (4) not all defendants consented to removal. Defendants Cate, Campbell, Dalton,

---

[1] Plaintiff names Matthew Cate, Mike Stainer, Kristofer Campbell, Jordon Dalton, Steve Gurule, Elizach Rangel, David Stinson, Derrike Wadkins, and Jason Ramirez as defendants in complaint. The notice of removal was filed by Defendant Gurule. Defendants Cate, Campbell, Dalton, Rangel, Stinson, Wadkins and Ramirez are identified on the notice of removal as having been served with the complaint and, as with Defendant Gurule, are represented by the Attorney General's Office. (ECF No. 1, p. 2.) Defendant Stainer, who was served with the summons and complaint on January 10, 2014, consented to removal on January 29, 2014. (ECF No. 6.)

Gurule, Rangel, Stinson, Wadkins and Ramirez filed an opposition on January 29, 2014, and Plaintiff filed a reply on February 14, 2014.  The motion is deemed submitted.  Local Rule 230(*l*).

## II.    Discussion

### A.    Jurisdiction

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction."  District courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  The removal statute is strictly construed, and Defendants bear the burden of establishing grounds for removal.  *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32, 123 S.Ct. 366 (2002); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  As a threshold matter, courts "must consider whether federal jurisdiction exists, even if no objection is made to removal, and even if both parties stipulate to federal jurisdiction," *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted), and "federal jurisdiction 'must be rejected if there is any doubt as to the right of removal in the first instance.'" *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc., v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425 (1987) (internal quotations and citations omitted).  "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc.*, 482 U.S. at 392.

In this instance, Plaintiff's complaint specifically pleads claims arising under 42 U.S.C. § 1983 for violation of his rights under the Eighth and Fourteenth Amendments of the United States Constitution.  Plaintiff also admits that his complaint includes federal questions. (ECF No. 5, p. 3.)  Therefore, the Court has subject matter jurisdiction over this action.

Plaintiff believes that Defendant Gurule improperly removed this action based on diversity jurisdiction because the notice of removal cites 28 U.S.C. § 1441(b), which is removal based on

diversity jurisdiction. (ECF No. 1, ¶ 4.) Plaintiff correctly points out that Defendant Gurule cited the incorrect statutory provision. Despite this error, it is evident on the face of the notice that Defendant Gurule based removal on federal question jurisdiction, not diversity. First, Defendant Gurule captions this case as: "**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1983(b) (Federal Question)**." (ECF No. 1.) Second, and more importantly, Defendant Gurule states:

> This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendant under 28 U.S.C. § 1441(b) in that it arises under 42 U.S.C. § 1983 and includes due process and deliberate indifference claims under the Fourteenth and Eighth Amendments of the United States Constitution.

(ECF No. 1, ¶ 4.) Read in its entirety, Defendant's notice of removal states the grounds for removal based on the existence of a federal question and there is no mention of citizenship or diversity. In sum, the notice of removal makes the basis for federal jurisdiction clear. Thus, the Court finds that Defendant Gurule properly stated the grounds for removal and that removal to federal court was proper.

Plaintiff complains that removal to federal court will prejudice his resolution of this matter by the state court. Primarily, Plaintiff appears to assert that Defendant Gurule removed this action when responses were due in state court, that removal was done in order to avoid default and that removal resulted in this action be placed in limbo. However, as noted above, Defendants were entitled to remove this action based on federal question jurisdiction. Plaintiff's apparent concerns regarding delay of this action following removal are well-taken, but do not provide a sufficient basis for remand. This Court will screen Plaintiff's complaint in due course pursuant to 28 U.S.C. § 1915A.

### B.    Unanimity of Removal

Plaintiff argues that the notice of removal is defective because not all defendants joined in the notice of removal. In a case involving multiple defendants, all defendants must join in the notice of removal. *Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1224 (9th Cir. 2009) (quotation marks and citation omitted). Documentation of individual consent is not required. *Id.*

3

at 1225.  A certification in the notice of removal signed by an attorney of record is sufficient to effect removal.  *Id.* at 1224-25.

Here, Defendant Gurule filed the notice of removal.  (ECF No. 1, p. 1.)  Although served at the time of removal, Defendants Cate, Campbell, Dalton, Rangel, Stinson, Wadkins and Ramirez did not explicitly state that they either joined in removal or consented to removal.[2]  However, the notice of removal clearly indicates that Defendants Cate, Campbell, Dalton, Rangel, Stinson, Wadkins, Ramirez *and* Gurule are all represented by the same counsel. (ECF No. 1, p. 1.)  Where the pleadings demonstrate that all defendants are represented by the same counsel, the failure of a defendant to formally join the removal does not negate its validity. See Lewis v. City of Fresno, 627 F.Supp.2d 1179, 1186 (E.D. Cal. 2008).  As all defendants (excluding Stainer) appeared through counsel on the removal notice, the Court finds direct evidence of their intent to remove this action.

### III.    Conclusion and Order

Plaintiff has not demonstrated that he is entitled to remand.  Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion to remand, filed on January 13, 2014, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned 'Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 12, 2014**               /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE

---

[2]   As noted above, Defendant Stainer was not served with the summons and complaint until January 10, 2014.  He timely filed his consent to removal on January 29, 2014.  28 U.S.C. § 1446(b).

4