**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK PHELPS, | ) Case No.: 1:13-cv-02087-LJO-BAM (PC) |
| Plaintiff, | ) ORDER ADOPTING FINDINGS AND |
| v. | ) RECOMMENDATIONS REGARDING |
|  | ) PLAINTIFF'S MOTION TO REMAND |
| MATTHEW CATE, et al., | ) |
| Defendants. | ) |

Plaintiff Mark Phelps ("Plaintiff"), a state prisoner, is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Defendant Gurule removed this action from the Kern County Superior Court on December 19, 2013.

On August 13, 2014, the Magistrate Judge issued Findings and Recommendations that Plaintiff's motion to remand be denied. The Findings and Recommendations were served on the parties and contained notice that any objections were to be filed within twenty-one (21) days of service. (ECF No. 10.) Plaintiff filed objections on September 5, 2014. (ECF No. 12.)

In his objections, Plaintiff argues that the Magistrate Judge erred in determining that a federal question appeared on the face of his well-pleaded complaint. Plaintiff now contends that the "federal words" in his complaint are "essentially accidental" and attributable to his inmate assistant. (ECF No. 12, pp. 2, 6.) Plaintiff indicates that he filed a federal action in March 2013 in Case No. 1:13-cv-00309-LJO-MSJ PC and he now intends to litigate his state issues in state, not federal, court. Plaintiff

1

also attempts to withdraw his concession, which was stated in his moving papers, that his complaint contains federal issues.

The Court has reviewed Plaintiff's objections, but is not persuaded that the Magistrate Judge erred.  It is evident from Plaintiff's complaint (and from his original concession) that he is pursuing federal causes of action over which this Court maintains federal question jurisdiction.  28 U.S.C. § 1331.  For example, in Count 1, Plaintiff alleges that Defendants Campbell, Dalton, Gurule and Rangel violated his Eighth and Fourteenth Amendment rights by failing to conduct searches and failing to protect Plaintiff, which resulted in inmates Charest and Medina attempting to murder Plaintiff.  (ECF No. 1-1, p. 18.)  In Count 2, Plaintiff alleges that Defendants Stinson, Wadkins and Ramirez violated his Eighth and Fourteenth Amendment rights by failing to protect him from, and refusing to stop, the attack by other inmates.  (ECF No. 1-1, p. 18.)  In Count III, Plaintiff alleges that Defendants Cate and Stainer violated his Eighth and Fourteenth Amendment rights.  (ECF No. 1-1, p. 19.)  In Count IV, Plaintiff alleges that Defendant Stainer violated his Eighth and Fourteenth Amendment rights by denying him due process in connection with his administrative segregation. (ECF No. 1-1, pp. 19-20.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the findings and recommendations to be supported by the record and by proper analysis.          Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations issued on August 13, 2014, are adopted in full;
2. Plaintiff's motion to remand, filed on January 13, 2014, is DENIED;
3. Defendants shall submit an amended notice of removal within five (5) days following service of this order to correct defective errors in form; and
4. This matter is referred back to the Magistrate Judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   **September 22, 2014**                    /s/ Lawrence J. O'Neill
                                                                        UNITED STATES DISTRICT JUDGE

2